Smyth Worldwide Movers *v.* Little Rock Packing Co.

5-2805                                  361 S. W. 2d 534

Opinion delivered November 5, 1962.

*W. J. Walker* and *Conley Byrd,* for appellant.

*E. L. McHaney, Chowning, McHaney, Mitchell, Hamilton & Burrow,* for appellee.

Neill Bohlinger, Associate Justice. The appellant brought this action in the Pulaski Circuit Court to recover a sum of money which it alleged was due it by the appellee, Little Rock Packing Company, for transporting the household goods of B. Wayne Nelson to Puerto Rico.

It appears from the record that Wayne Nelson was an employee of the Puerto Rico Meat Packing Company; that Joe P. Finkbeiner was treasurer of the Puerto Rico Meat Packing Company and president of the Little Rock Packing Company; that Mr. Nelson had requested the appellant to move his household goods to Puerto Rico and the appellant requested a purchase order to cover the moving services. This request was made by wire to the Little Rock Packing Company.

Responsive to that request, the following purchase order was given to the appellant:

"PURCHASE ORDER                          No. 61

PUERTO RICO MEAT PACKING CO.
CAGUAS, PUERTO RICO

DATE 9-26, 1962

TO A B Co Van Lines, Inc.        ATT: W. H. Dobbs

ADDRESS  527 No. 33rd     Louisville, Ky.

Please furnish the following and charge to our account:

Quantity     Article No.     Description
                             Moving B. Wayne Nelson's
                             Household Goods From
                             Louisville to Puerto Rico.

                             Re: Your telegram—
                             Estimated Cost: 6,000 Lb.
                             @ 44.60 per CWT—$2,667.00

                             Invoice: L. R. Packing Co.
                                      Box 1109
                                      L.R., Ark.

             /s/ by Carolyn Presson

        Yours very truly,

        PUERTO RICO MEAT PACKING CO.

        By /s/ Joe P. Finkbeiner

        Charge to.............................................Department

    NOTICE

    Invoice for goods
    covered by this order
    must bear the above
    purchase order number,
    before it will be
    passed for payment.

    PUERTO RICO MEAT PACKING CO."

    Mr. Nelson's household goods appear to have been
moved by the appellant and delivered to him in Puerto

Rico on November 4, 1960. The following March the appellant sent a bill to the Little Rock Packing Company for the amount of its charges covering the above service. The Little Rock Packing Company then advised the appellant that this item was an expense of the Puerto Rico Meat Packing Company and the invoice was being forwarded to the Puerto Rico Company at Caguas, Puerto Rico. The Puerto Rico Meat Packing Company went into bankruptcy in September 1961 before payment of appellant's invoice and appellant was advised that it had been listed as one of the creditors of the Puerto Rico Meat Packing Company. Thereafter the appellant brought this suit to recover the amount of its invoice from the Little Rock Packing Company.

The trial court found the issues for the appellee and appellant has appealed relying on the point that the trial court erroneously interpreted the written provisions on the printed/written order form.

The record before us reflects that Mr. Joe P. Finkbeiner, who was the president of the Little Rock Packing Company, was also treasurer of the Puerto Rico Meat Packing Company and that Joe P. Finkbeiner and Chris Finkbeiner were stockholders in both corporations. The Little Rock Office of the Puerto Rico Meat Packing Company was in the same building with the office of the Little Rock Packing Company and Carolyn Presson was secretary to both Mr. Joe P. Finkbeiner and Mr. Chris Finkbeiner but was not an officer in either corporation.

A purchase order is an authorization by the issuing party for the recipient thereof to provide materials or services for which the issuing party agrees to pay. The purchase order is an offer to buy. We are not here concerned with when the purchase order becomes binding on both parties for certain it is that it is binding when those things ordered have been provided as here.

We find no ambiguity in the purchase order. It is indeed a document of the Puerto Rico Meat Packing Company and that name appears in bold type in three

places on the purchase order. On the purchase order, the party addressed is requested to ''please furnish the following and charge to our account: * * * Puerto Rico Meat Packing Co. By Joe P. Finkbeiner.'' In addition to that, the person furnishing the services under the purchase order is cautioned that: ''Invoice for goods covered by this order must bear the above purchase order number before it will be passed for payment. Puerto Rico Meat Packing Co.''

The contention of the appellant is predicated on the following words that appear on the face of the purchase order: ''Invoice: L. R. Packing Co. Box 1109 L.R., Ark. by Carolyn Presson.'' We are left in no doubt that the insertion of these words was done by Carolyn Presson who was not an officer of either corporation and we are loath to believe that a mere employee can nullify or vary the explicit commitment of an officer of a corporation. It was clearly made the debt of the Puerto Rico Meat Packing Company by the action of its treasurer and we think it significant that the appellant did not bill the Little Rock Packing Company until the latter part of March 1961, at which time the Little Rock Company advised the appellant that the item was the obligation of the Puerto Rico Meat Packing Company and they were forwarding the invoice to it. If the appellant took any steps at that time to assert its claim against the Little Rock Packing Company we fail to find it and that was the time that the appellant should have made its contention known.

Where no ambiguity appears, the construction of the agreement is for the court. *West* v. *Todd,* 207 Ark. 341, 180 S. W. 2d 522; *Bailey* v. *Sutton,* 208 Ark. 184, 185 S. W. 2d 276; *Lindner* v. *Mid-Continent Petroleum Corp.,* 221 Ark. 241, 252 S. W. 2d 631.

There is no evidence introduced that tended to show or did show that the Little Rock Packing Company, acting through authorized personnel, agreed to obligate itself. There is no evidence that appellee attempted to mislead anyone and there is certainly no testimony

that Carolyn Presson had authority or apparent authority to obligate the company over and above the obligation of the officers of the company.

The trial court properly interpreted the purchase order and its judgment is affirmed.