Murray G. McCULLOUGH *v.* Mildred M. OGAN
and Joe W. OGAN

CA 79-171                                    596 S.W. 2d 356

Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for publication April 9, 1980

*Spitzberg, Mitchell & Gill,* by: *William L. Owen,* for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellees.

DAVID NEWBERN, Judge. The appellant asks us to hold that because there was no evidence, medical or otherwise, showing the appellee Mildred M. Ogan's injuries and certain medical bills were the proximate results of a collision between vehicles operated by the appellant and her, the judge, who tried the case without a jury, erred in refusing to dismiss the case. The judgment awarded $2000 to Mrs. Ogan for her injuries and $213.21 to her husband, Joe W. Ogan, for injury to the vehicle Mrs. Ogan was driving. Although the appellant asks us to reverse the whole judgment, the only part argued is

the award to Mrs. Ogan. We consider the appellees' evidence sufficient to have presented a prima facie case of negligence and resulting damages, and thus we affirm.

It is undisputed that the appellant's car struck the left rear of the one operated by Mrs. Ogan. Mrs. Ogan testified she was thrown forward into a window crank and sustained a bruise to her left shoulder. The day after the accident she began to experience pain in her forehead and neck. She put off medical treatment for a week, hoping the pain would go away.

As time passed, the pain became more intense. She began seeing physicians, and at one point she was hospitalized. The accident occurred in 1972, and the case was tried in 1979. As of the time of the trial, Mrs. Ogan testified she was still experiencing some pain, but that it had become less intense. She testified she had been in no other accident. No physician testified.

At the end of the appellees' case, the appellant moved for a "directed verdict," contending there was no evidence of negligence and no evidence the injuries alleged were proximately caused by the collision. The judge denied the first part of the motion and said the appellees had presented a prima facie case of negligence. He took under advisement the second part. The matter was resolved in the judgment, in which the judge stated:

> That as a further result of the collision the plaintiff Mildred M. Ogan sustained personal injuries and incurred miscellaneous medical expenses damaging her in the total sum of $2000.00.

The duty of the trial court, sitting without a jury, when asked to give a "directed verdict" at the close of the plaintiff's case, is to consider whether the plaintiff's evidence, given its strongest probative force, presents a prima facie case. *Werbe v. Holt,* 217 Ark. 198, 229 S.W. 2d 225 (1950). Even if, when the motion is renewed at the end of all the evidence, the judge is in a position to weigh the evidence to determine the preponderance, his determination of the preponderance will

not be disturbed unless there is no reasonable probability the facts as found could have occurred. *Fanning* v. *Hembree Oil Co., Inc.,* 245 Ark. 825, 434 S.W. 2d 822 (1968). See also, A:R. Civ. P. 52.

The appellant complains that no medical evidence was presented, citing *Broomfield* v. *Broomfield,* 242 Ark. 355, 413 S.W. 2d 657 (1967), for the proposition that when a witness who had knowledge of a particular transaction is not presented the court may assume the witness' testimony would have been unfavorable to the party who would logically have presented him. The *Broomfield* case was one in which a *party* failed to appear, and thus it cannot fairly be cited here. In addition, the court there said the absence of the party could be considered in making an overall determination of where the preponderance of the evidence lay. That was, of course, not the issue when the motion was made at the end of the plaintiff's case, and even if a party had failed to testify that would hardly have been controlling, although we agree the judge could have considered it in his assessment of the preponderance of evidence.

The appellant also cites *Davis* v. *Kemp,* 252 Ark. 925, 481 S.W. 2d 712 (1972), and *McKim* v. *Northwestern National Casualty Co.,* 256 Ark. 109, 505 S.W. 2d 756 (1974), on the quantum of evidence needed to show proximate cause. *Davis* was a medical malpractice case in which there was no evidence whatever of any "complications" or worsening of the injury treated by the defendant. Here we certainly have evidence of injury after the collision. The *McKim* case merely says there must be a reasonable probability of proximate cause shown by substantial evidence. We find that present here from Mildred Ogan's testimony, both as to the injury and the medical bills.

The appellant also says we should take judicial notice that Mrs. Ogan would have been thrown backwards by the collision rather than forward into the window crank, citing *Ellsworth Bro. Truck Line* v. *Canady,* 245 Ark. 1055, 437 S.W. 2d 243 (1969). In that case, the supreme court did indeed choose to disregard testimony of a plaintiff that she was injured by being thrown forward when her vehicle was struck from the rear. But there, the rear end collision occurred immediately after the plaintiff's car had slid into a ditch and come to a sudden halt from

a speed of 45 to 50 miles per hour. Thus the court had before it strong evidence the injury occurred before the rear end collision.

While we do not disagree with the supreme court's conclusion that victims of rear end collisions are thrown back initially, our own "common knowledge" is that their statement does not go far enough. A person whose vehicle is struck from the rear also is pitched forward after the initial impact, thus the flexion-extension or "whiplash" injury. Belli, *Modern Trials,* § 87, pp. 605, *et seq.* (1954). See also, *Turchi* v. *Shepherd,* 230 Ark. 899, 327 S.W. 2d 553 (1959), in which our supreme court affirmed damages resulting from a whiplash injury where there was clear evidence part of the injury resulted from the plaintiff being thrown forward after being hit from the rear, and *Heacock* v. *Town,* 419 P. 2d 622 (Alaska 1966), in which the Alaska Supreme Court apparently takes judicial notice that the head of a whiplash victim is thrown backward and then forward after being struck from the rear.

The appellant exclaims that "no person purporting to be a practitioner of the healing arts testified!" No case is cited, however, for the proposition that lack of such testimony is fatal, and we believe it is not. This is not a malpractice case like *Broomfield* v. *Broomfield, supra,* or one involving a mysterious infection such as we dealt with in *St. Paul Fire & Marine Ins.* v. *Prothro,* 266 Ark. 1020, 590 S.W. 2d 35 (Ark. App. 1979). Mrs. Ogan's testimony showed the onset of her symptoms followed closely the bruise she said she received in the physical trauma of the accident. Medical testimony would have been useless on the issue of negligence, and we hold it was not necessary to a showing of the injury to the appellee, in view of her clear testimony showing the proximity of the collision to the onset of her symptoms and her lack of previous injury or similar symptoms. Likewise, we hold the trier of fact was at liberty to accept Mrs. Ogan's testimony that her medical expenses were for treatment of the symptoms she described.

Affirmed.

HAYS, J., not participating.