## HENLEY'S WHOLESALE MEATS, INC. *v.* WALT BENNETT FORD, INC.

CA 81-241                                   631 S.W. 2d 316

### Court of Appeals of Arkansas
### Opinion delivered April 14, 1982

*Givens & Buzbee,* by: *J. R. Buzbee,* for appellant.

*Gill, Skokos, Simpson, Buford & Owen,* by: *William L. Owen,* for appellee.

TOM GLAZE, Judge. The primary question in this case is whether the trial judge, sitting without a jury, properly directed a verdict for the appellee at the conclusion of the appellant's case. Appellant, Henley's Wholesale Meats, Inc. (Henley), contends on appeal that it made a *prima facie* case of misrepresentation against Walt Bennett Ford, Inc. (Bennett), and Bennett, therefore, was required to present evidence to overcome Henley's case. Bennett counters this contention, arguing it was entitled to the directed verdict

because Henley never offered competent proof that a false material statement of fact was made or that Henley had relied on such a factual false statement.

Bennett requests that we review this cause on appeal in light of Rule 52 of the Arkansas Rules of Civil Procedure, *i.e.*, whether the trial court's findings were clearly against the preponderance of the evidence and failed to support the trial court's decision to direct a verdict. This, however, is not the correct test. The test is to take that view of the evidence that is most favorable to the party against whom the verdict is sought and to give it its highest probative value, taking into account all reasonable inferences deducible from it, and to grant the motion only if the evidence viewed in that light would be so substantial as to require that a jury verdict for the party be set aside. *Bradford* v. *Verkler,* 273 Ark. 317, 619 S.W. 2d 636 (1981). The applicable rule, stated in other terms, is that the duty of the trial court, sitting without a jury, when asked to give a "directed verdict" at the close of the plaintiff's case, is to consider whether the plaintiff's evidence, given its strongest probative force, presents a *prima facie* case. *McCollough* v. *Ogan,* 268 Ark. 881, 596 S.W. 2d 356 (Ark. App. 1980), and *Werbe* v. *Holt,* 217 Ark. 198, 229 SW. 2d 225 (1950). As was pointed out in *Minton* v. *McGowan,* 253 Ark. 945, 490 S.W. 2d 136 (1973), it is not proper for the court to weigh the facts at the time the plaintiff completes his case, and the motion should be denied if it is necessary to consider the weight of the testimony before determining whether the motion should be granted.

In applying the foregoing tests we must determine whether the proof, viewed in the light most favorable to the party against whom the verdict is directed, could have presented a question of fact for the jury had the case been tried to the jury. *Ralston Purina Company* v. *McCollum,* 271 Ark. 840, 611 S.W. 2d 201 (Ark. App. 1981).[1] We find, on the basis of the record before us, that a fact question was presented concerning certain representations made by a salesman for Bennett. A brief review of the facts is necessary.

---

[1]Also styled *Arkavalley Farms* v. *McCollum,* 271 Ark. 840.

Henley purchased two trucks from Bennett in 1978 to use in the delivery of frozen meat across the state. Henley had the advice and aid of its shop foreman in the purchase of the two vehicles in question. The shop foreman recommended a two speed rear axle. The salesman for Bennett recommended a one speed axle. Henley's corporate president testified at trial that the salesman was told the uses to which the two trucks would be put, and the salesman represented that the one speed rear axle would be adequate for highway use. An extended warranty was obtained and throughout the duration of the warranty a number of repairs were made on the trucks.

It is unnecessary to further detail the evidence, for our decision must rest upon a matter of procedure. It is enough to say that Henley's proof tended to show that the salesman for Bennett knew the use to which the trucks were to be put, and that the salesman's representation induced Henley to purchase trucks which were not fit for the purpose intended. A representative of Ford Motor Company testified the one speed axle trucks were not fit for the purpose for which Henley intended to use them.

Of course, Bennett contends that the proof does not show that the salesman's representation was deceitful or that Henley relied on such a statement. Moreover, Bennett argues that the salesman only presented an opinion rather than a statement of fact. We cannot agree.

As the court pointed out in *Fausett & Company, Inc.* v. *Bullard,* 217 Ark. 176, 229 S.W. 2d 490 (1950), the plaintiff in an action for misrepresentation does not have to prove a conscious and deliberate intention to deceive on the part of the defendant. The court stated the settled rule to be that representations are considered to be fraudulent if made by one who "either knows them to be false, or else, not knowing, asserts them to be true." The court in *Bullard* also restated the rule that the buyer may credit the statements of a seller who has peculiar knowledge of the subject matter of the sale.

In the instant case, Bennett's salesman was well in-

formed that Henley was under the impression that a two speed rear axle was necessary for the type deliveries Henley intended for the trucks to be used. The salesman insisted that the one speed rear axle was sufficient for this purpose. When we view this evidence most favorably towards Henley, we cannot say that the salesman did not possess a peculiar knowledge as to whether the trucks sold to Henley could possibly do the job for which they were intended. Moreover, from the evidence presented in Henley's case in chief, it certainly can be inferred that the trucks purchased by Henley were never intended for highway use and, in fact, they failed to do the job when they were used on the highway.

We also cannot accept Bennett's contention that the salesman's statement or representation was one of opinion rather than fact. As previously stated, Henley testified that he explained to the salesman that these trucks were going to be used on the highway and that Henley's shop foreman had told him that he should make sure that the trucks had two speeds. The salesman said that a two speed would be good for a gravel or dump truck or hauling logs, but that Henley did not carry that heavy a load. After Henley, his shop foreman and the salesman conferred, the salesman again recommended the trucks with a one speed axle. The subject matter discussed by these parties was specific and the salesman's representation was that the one axle trucks could do the job. This case is certainly distinguishable from *Miskimins* v. *City National Bank,* 248 Ark. 1194, 456 S.W. 2d 673 (1970).

Although we find that Henley did present a *prima facie* case, we do not hold that Henley was entitled to judgment in its favor. In other words, we do believe Henley is entitled to a trial on the merits and findings of fact even though it still may not win the lawsuit.

Henley raised two additional issues on appeal concerning revocation of acceptance and express and implied warranties. We do not reach those issues in this appeal since we reverse this matter on an issue of procedure. These two issues were never presented to the trial court, nor did the court have an opportunity to make any finding or ruling

366

regarding them. The parties will not be precluded from fully developing these issues upon the remand of this cause for further proceedings consistent with this opinion.

Reversed and remanded.