## SUZUKI OF RUSSELLVILLE, INC. *v.*
## MID-CENTURY INSURANCE COMPANY

CA 84-412

688 S.W.2d 305

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 1985

*Bullock & McCormick,* for appellant.

*Alex G. Streett,* for appellee.

Tom Glaze, Judge. Appellant argues the trial court erred in granting appellee's motion for directed verdict. This case centers on appellant's sale of a motorcycle to a Charles McNeese. First National Bank of Russellville financed the sale, and appellee issued an insurance policy which, among other things, covered the theft of the motorcycle. Soon after the sale,. McNeese reported the motorcycle stolen. Because McNeese defaulted on his note payments to First National Bank, the bank pursued its right of recourse against appellant which paid the note in full. Alleging it was the Bank's subrogated lien holder, appellant subsequently sued appellee for insurance proceeds the appellant charged were due under the policy covering the theft of the motorcycle. Although appellee admitted it issued theft coverage on the motorcycle, it denied the vehicle had been proven stolen. The parties tried this cause to the court, and after hearing appellant's evidence, the trial judge directed a verdict for the appellee. We reverse.

The sole question is whether the trial judge, sitting without a jury, properly directed a verdict for the appellee at the conclusion of appellant's case. When considering this question, the test is to take that view of the evidence that is most favorable to the party against whom the verdict is sought and to give it its highest probative value, taking into account all reasonable inferences deducible from it and to grant the motion only if the evidence viewed in that light would be so insubstantial as to require that a jury verdict for the party be set aside. *Henley's Wholesale Meats, Inc.* v. *Walt Bennett Ford, Inc.,* 4 Ark. App. 362, 631 S.W.2d 316 (1982). The applicable rule, stated in other terms, is that the duty of the trial court, sitting without a jury, when asked to give a "directed verdict" at the close of the plaintiff's case, is to consider whether the plaintiff's evidence, given its strongest probative force, presents a *prima facie* case. *Id.*

In granting appellee's motion, the court stated that except for hearsay evidence, appellant failed to show a theft occurred, which would have entitled it to recover under appellee's policy. From its statement, the court clearly weighed and discounted the testimony presented by appellant rather than giving such testimony its strongest probative force as it is required to do in this situation. While some, not all, of the appellant's evidence was hearsay, appellee failed to object to it and the fact that such hearsay evidence was inadmissible does not prevent its use as proof so far as it has probative value. See *New Empire Ins. Co.* v. *Taylor*, 235 Ark. 758, 764, 362 S.W.2d 4, 8 (1962). Appellant's evidence bearing on the theft issue may be summarized as follows:

1. Monte Sims, criminal investigator for the Morrilton Police Department, testified without objection that he investigated McNeese's allegation and complaint that the motorcycle was stolen.

2. Sims located the vehicle in Sallisaw, Oklahoma, where McNeese identified it.

3. Sims also discovered a bill of sale for the vehicle that bore the false name of Don or Danny Martin; but, he determined a Danny Moquette had sold the motorcycle.

4. Also without objection, Sims testified Moquette said that while he was in an area east of Russellville, Arkansas, McNeese had given the motorcycle to Moquette, but McNeese denied Moquette's story.

5. Appellant's owner, Michael L. Johnson, testified that he received notice the motorcycle had been stolen and afterwards, First National Bank demanded that appellant pay off the note.

From the foregoing, substantial evidence clearly exists to establish a *prima facie* case that a theft occurred. Appellee urges that we find the trial court erred in excluding Sims' opinion testimony in which he stated, "[F]rom the evidence that we were able to uncover in this case, it was our belief

that the motorcycle was not stolen." However, even if such opinion testimony were admissible (which we do not hold), appellant's other evidence, given its strongest probative force, still indicates a theft occurred. In its argument, appellee relies on *General Contract Corp.* v. *Roe,* 208 Ark. 951, 188 S.W.2d 507 (1945). Appellee argues that, as in *Roe,* the parties agreed that the judge would sit as trier of both law and fact, and that on an instructed verdict the judge's finding has the same effect as a verdict of the jury, *i.e.,* if there is substantial evidence to sustain the trial court's ruling, the appellate court should affirm. Appellee's reliance upon *Roe* and the rules therein are simply misplaced. There, both parties moved for instructed verdicts after each side had presented its evidence. Here, only the appellant presented its case, and rather than having the effect of submitting the fact questions to the trial judge, we are mandated, instead, to give appellant's evidence its highest probative value in deciding if the trial court erred in granting appellee's motion for directed verdict.

For the reasons stated above, we reverse and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

COOPER and CLONINGER, JJ., agree.