Karen J. LYTLE *v.* WAL-MART STORES, INC.

91-318                                    827 S.W.2d 652

Supreme Court of Arkansas
Opinion delivered April 6, 1992

*William T. Finnegan*, for appellant.

*Robert L. Robinson* and *Patricia Stanley Luppen*, for appellee.

ROBERT L. BROWN, Justice. This is an appeal from a directed verdict in favor of the appellee, Wal-Mart Stores, Inc., and against the appellant, Karen J. Lytle. The appellant sued Wal-Mart for injuries sustained in a North Little Rock Wal-Mart store when she fell after stepping up on a display shelf in order to reach an item on a higher shelf. On appeal, she argues that the motion for a directed verdict did not contain the required specificity under Ark. R. Civ. P. 50(a) and that the circuit court invaded the province of the jury by engaging in fact-finding in its decision. The arguments are meritless, and we affirm.

The facts are straightforward. On August 4, 1990, the appellant and her son were shopping in a North Little Rock Wal-Mart Store operated by the appellee. The appellant was looking at a display of school folders, when she noticed one on the top shelf with the cartoon figure, Bart Simpson. The appellant reached for the item, but it was beyond her grasp. She then saw a Wal-Mart employee at the end of the aisle and asked her if she could help. The Wal-Mart employee looked at the appellant as if to say "Huh?" and walked away. The appellant then stepped on the bottom display shelf and reached for the folder. In the process, she slipped and fractured her foot. She sued Wal-Mart for $15,000.

On May 7, 1991, the case was tried in circuit court before a jury. The appellant's case consisted of her testimony, the testimony of her son, Bryant, the testimony of her mother, and the testimony of a Wal-Mart assistant store manager who stated that it was the duty of Wal-Mart employees to assist in helping the customers. At the conclusion of the appellant's case, Wal-Mart's attorney moved for a directed verdict:

> On behalf of Wal-Mart, I move for directed verdict at this time, because I don't believe there is any evidence in the record that would establish liability or fault or negligence of any kind on the part of Wal-Mart.
>
> The testimony is undisputed that this lady climbed up on the shelf of her own accord. She claims she asked for

help. Her son at first in deposition said she did not. He thinks now maybe she did, but all she did was ask someone a distance from her for help, if she did ask for some help, and that person appeared not to understand or just turned around and walked off. And I don't believe, even if the plaintiff had proved that she had asked the Wal-Mart associate for help and that associate had told her to go jump in the river, that that would necessarily be negligence on the part of Wal-Mart.

I think the plaintiff had a duty, if she wanted that merchandise on that shelf, to continue to seek assistance, and she could have asked another associate in the store for help, and she would have gotten help for sure. So I don't believe there is any negligence here.

Plus, she fell off of the shelf or her shoe came off. I don't think there is anything about the shelving, that it is clear that the shelving didn't collapse, it didn't break. She simply lost control. She assumed the risk of doing that when she stood up on that shelf. I think there is just clearly no evidence of negligence relating to that injury.

Wal-Mart's attorney then added:

The only liability instruction offered by the plaintiff is AMCI 1104. . . . It says that in this case, Karen Lytle was a business invitee upon the premises of Wal-Mart, that Wal-Mart owed Karen Lytle a duty to use ordinary care to maintain the premises in a reasonably safe condition. There is absolutely no evidence that the premises were not in a reasonably safe condition and, for that reason, I move for directed verdict.

The appellant's attorney responded that the negligence on Wal-Mart's part consisted of "violating the first things taught by Wal-Mart to its associates, that the customer is boss and you do everything for the customer." The employee's failure to help constituted the negligence. The attorney added that the shelf did not collapse; the appellant slipped.

The circuit court granted the motion for directed verdict:

I just don't see that there is any negligence whatsoever

on the part of Wal-Mart. The fact that she asked for help and didn't get it doesn't, from my knowledge, constitute negligence. Maybe not good business judgment or decision, but not negligence.

Mrs. Lytle testified that there was absolutely nothing wrong with the shelf. I don't see that there has been any breach of duty that Wal-Mart owed to this woman from a negligence standpoint, and that's the reason for my decision.

Judgment was then entered in favor of Wal-Mart.

For her first point, the appellant argues that Wal-Mart's motion for directed verdict failed to state specific grounds, and, thus, ran afoul of Ark. R. Civ. P. 50(a), which reads in part that a motion for a directed verdict "shall state the specific grounds therefor." The appellant appends a collateral argument to this point and asserts that the circuit court, in its ruling, improperly supplied the required specificity.

██ These arguments have been largely resolved by our previous cases. We have held that a statement of specific grounds for a directed verdict is required so that a judgment will not be entered upon a ground that might have been countered with proof, had the ground been specified. *Standridge* v. *City of Hot Springs,* 271 Ark. 754, 610 S.W.2d 574 (1981). The requirement of stating specific grounds is mandatory. *Svestka* v. *First National Bank in Stuttgart,* 269 Ark. 237, 602 S.W.2d 604 (1980); *Dodson Creek, Inc.* v. *Fred Walton Realty Co.,* 2 Ark. App. 128, 620 S.W.2d 947 (1981). We have further held that a trial court in its ruling may expand on a defendant's motion for directed verdict. *Standridge* v. *City of Hot Springs, supra.* We said in *Standridge* that the reason for Rule 50(a) is to bring specific grounds for the motion to the court's attention. If the trial court considers those grounds, and others as well, this does not violate the rule.

Specific grounds were set out in the oral motion for a directed verdict. Those grounds include:

a. The appellant climbed on the shelf on her own.

b. The appellant had a duty to ask for additional help.

   c.  The shelf did not collapse; rather, she lost control.

   d.  The appellant was a business invitee to whom Wal-Mart owed a duty of ordinary care to keep the premises in a reasonably safe condition.

   e.  There was no evidence that the premises were unsafe.

Though Wal-Mart's attorney did make reference to the outmoded concept of assumption of risk, this is not fatal to his motion, and his grounds for relief as outlined above clearly meet the required test of precision.

■ The appellant, secondly, argues that the circuit court invaded the jury's province by determining a question of fact — that Wal-Mart breached no duty to the appellant. The argument has no merit. Our standard of review for denial of a directed verdict was capsulized in a recent case:

> [I]n addressing the issue of whether a directed verdict should have been granted, we must view the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. Where the evidence is such that fair-minded people might have different conclusions, then a jury question is presented, and the directed verdict should be reversed.

*Howard* v. *Hicks,* 304 Ark. 112, 113, 800 S.W.2d 706, 707 (1990).

There was no factfinding by the circuit court in this case. The court simply found no negligence or breach of the duty owed to the appellant under the facts presented by the appellant in her case-in-chief. In making this determination the court was on solid ground. The appellant was a business invitee by her own admission, and Wal-Mart owed her a duty to use ordinary care to maintain the premises in a reasonably safe condition. Assuming, as we must, that the Wal-Mart employee was in fact inattentive, the employee still had no way of foreseeing that the appellant would climb up on the display to get what she wanted. And, again, there was no deficiency in the premises. The appellant herself stated at trial that "the shelf was okay."

■ A Wal-Mart assistant store manager did reply affirma-

tively when asked if it was a duty of Wal-Mart employees to assist in helping the customer. That, though, is a far cry from establishing a legal duty of care. We will not convert what is obviously a Wal-Mart policy towards its customers into the duty of care owed to a business invitee by an invitor. The Wal-Mart employee may have been remiss in her duty to render courteous service to the appellant, but discourtesy does not translate into legal liability. The circuit court was well within its bounds in finding that Wal-Mart breached no duty of care to the appellant.

■ The appellant, lastly, contends that the display of Bart Simpson folders on the top shelf was negligence in that it enticed shorter people to climb up the shelves to reach the folders. This is a novel argument which was not raised by the appellant's counsel before the trial court. Indeed, at trial the appellant stated:

> I am not saying that they are all negligent because they might have shelves that are higher than I am tall or that I can reach. I am saying that they are negligent in the fact that when you do ask for assistance, there is no one readily available to give you that assistance.

The appellant did suggest in her testimony that Wal-Mart might consider lowering its shelves, but that was not the basis for her negligence claim. She has now changed her argument on appeal, and we will not countenance an argument raised for the first time on appeal. *See Mine Creek Contractors, Inc.* v. *Grandstaff,* 300 Ark. 516, 780 S.W.2d 543 (1989).

We hold, after reviewing the evidence in the light most favorable to the appellant, that fair-minded people could not have concluded that Wal-Mart was responsible for the appellant's injuries under a duty of ordinary care. Wal-Mart had no role in the appellant's accident. Mrs. Lytle took it upon herself to climb up the shelves which was clearly a risky business. What befell her was occasioned by her actions and not those of Wal-Mart.

Affirmed.

DUDLEY, J., not participating.