Natasea STEPHENS *v.* Quincy DeSha MILLER and Office of Child Support Enforcement

CA 04-1106                                         209 S.W.3d 452

Court of Appeals of Arkansas
Opinion delivered June 8, 2005

*Law Offices of Treeca J. Dyer, P.A.,* by: *Treeca J. Dyer,* for appellant.

No response.

JOHN B. ROBBINS, Judge. Appellant Natasea Stephens and appellee Quincy DeSha Miller are the parents of Makiya Stephens, who was born on December 23, 2002. Mr. Miller filed a petition to establish paternity, and after a hearing held August 18, 2003, the Dallas County Circuit Court entered an order establishing paternity on September 10, 2003. The order awarded custody of the child to Ms. Stephens, and gave Mr. Miller visitation on alternating weekends from noon on Saturday until 4:00 p.m. on Sunday. Beginning November 1, 2003, Mr. Miller was granted standard visitation. The September 10, 2003, order also ordered Mr. Miller to pay weekly child support of $54.00.

On March 23, 2004, Ms. Stephens filed a motion to transfer the case to Pulaski County Circuit Court. In her motion, she asserted that when the paternity order was entered, both parties lived in Fordyce, Dallas County, but that both parties had since relocated to Pulaski County. Ms. Stephens asked the trial court to set a hearing on the matter in the event her motion to transfer was contested.

The motion to transfer was served on Mr. Miller at a Little Rock apartment at 12201 Mara Lynn Road at 10:30 a.m. on Saturday, March 27, 2004. Mr. Miller filed a timely motion to deny the transfer on April 13, 2004.[1] In his motion, Mr. Miller asserted that 12201 Mara Lynn Road is his sister's address, and that he continues to live at 406 Garlington Road in Fordyce. Despite Mr. Miller's objection, and without the benefit of a hearing, the trial court entered an order transferring the case to Pulaski County Circuit Court on April 22, 2004.

On June 7, 2004, Mr. Miller filed a motion to vacate the order of transfer in the Dallas County Circuit Court. The motion was filed pursuant to Ark. R. Civ. P. 60(a), which provides:

> *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a

---

[1] Arkansas Code Annotated section 9-10-102(f)(4) (Supp. 2003) provides that any objection to a motion to transfer in a paternity case must be filed within twenty days from receipt of the motion.

judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

In his motion, Mr. Miller asserted that he filed a timely objection to Ms. Stephens' transfer motion, and that he continues to be a resident of Dallas County.

The trial court set a hearing on Mr. Miller's motion to vacate for June 21, 2004. After the hearing on July 14, 2004, the trial court entered an order granting Mr. Miller's motion. Ms. Stephens has timely appealed from the trial court's July 14, 2004, order, and now argues that the trial court erred in vacating its earlier order and in failing to transfer the case to Pulaski County.

Mr. Miller's sister, Tenesha Miller, was the first witness to testify at the hearing. She stated that she has resided alone in an apartment at 12201 Mara Lynn Road in Little Rock since November 2003. Ms. Miller maintained that her brother does not live with her, but that he occasionally visits on weekends. She stated that he lives in Fordyce and was visiting on the morning he was served with the motion to transfer. Ms. Miller testified that she paid her rent with no assistance from Mr. Miller. Her lease agreement was admitted into evidence, and Ms. Miller is the only resident/lessee named on the lease.

Ms. Stephens testified on her own behalf, and she indicated that on a couple of occasions in February or March of 2004 Mr. Miller asked her to pick up Makiya from visitation at his apartment in Little Rock, which was the same apartment where his sister lives. She stated that after being served with the motion to transfer on March 27, 2004, Mr. Miller referred to the apartment as only his sister's apartment, and that the visitation exchange always took place at his parent's house in Fordyce.

Ms. Stephens testified that she moved with Makiya to Little Rock in June 2003 to live with her mother and stepfather, and that she currently works and attends college in Little Rock. Ms. Stephens thought that the transfer to Pulaski County Circuit Court was proper because she plans to continue living in Little Rock, where Makiya will eventually go to school.

Ms. Stephens stated that Mr. Miller was behind on his child support, which was substantiated by a Dallas County Circuit Court order dated March 18, 2004. Ms. Stephens also indicated that she wants to limit Mr. Miller's visitation rights. On cross-examination,

Ms. Stephens acknowledged that Mr. Miller is employed by Millcreek of Arkansas, which is located in Fordyce.

Ms. Stephens' cousin and mother also testified on her behalf. Both of these witnesses corroborated her testimony that Mr. Miller referred to the Little Rock apartment as his apartment, and that visitation exchanges occurred there.

Mr. Miller testified that his working hours at Millcreek are from 11:00 p.m. to 7:00 a.m. from Wednesday to Saturday. He stated that he lives with his parents in Fordyce but has visited his sister in Little Rock on weekends. He denied paying any expenses for the apartment or referring to it as his. Mr. Miller acknowledged that two visitation exchanges occurred at the apartment, but stated he was just a visitor and it was for Ms. Stephens' convenience. Mr. Miller also acknowledged receiving a letter from Ms. Stephens' counsel at that address, but stated he received it almost two weeks after it arrived. Mr. Miller testified that the address on his driver's license is 406 Garlington Road in Fordyce, that he has never changed his residence from there, and that he is registered to vote in Fordyce.

At the conclusion of the hearing, Mr. Miller's counsel moved to dismiss the motion to transfer. The trial court then announced that "your motion is well founded" and that there was no compelling reason to grant a motion to transfer. The trial court then stated, "I'm going to grant your motion, I guess, for directed verdict is what you're asking for?," and Mr. Miller's counsel replied, "yes, sir." In conclusion, the trial court stated:

> We previously talked about the Motion to Set Aside the Order which I signed which did actually transfer this case. I'll ask you to prepare a precedent, [counsel for Mr. Miller], which does both, set aside the previous order and denies the Motion to Transfer.

The order being appealed from recites:

1. Plaintiff's Motion To Vacate Order To Transfer should be, and hereby is, granted.

2. Plaintiff's oral Motion for directed verdict on the issue of transfer should be, and hereby is, granted.

3. The Pulaski County Circuit Clerk should be, and hereby is, ordered and directed to return to the Dallas County Circuit

Clerk's Office the file of this matter which was recently forwarded to said Pulaski County Circuit Clerk.

For reversal of the trial court's order, Ms. Stephens submits that the trial court failed to make the proper findings to support it and that a directed verdict was improper. Arkansas Code Annotated section 9-10-102(f)(1) (Supp. 2003) provides:

(f)(1)(A) The court where the final decree of paternity is rendered shall retain jurisdiction of all matters following the entry of the decree.

(B)(i) If more than six (6) months subsequent to the final adjudication, however, each of the parties to the action has established a residence in a county of another judicial district within the state, one (1) or both of the parties may petition the court which entered the final adjudication to request that the case be transferred to another county.

(ii) The case shall not be transferred absent a showing that the best interest of the parties justifies the transfer.

(iii) If a justification for transfer of the case has been made, there shall be an initial presumption for transfer of the case to the county of residence of the physical custodian of the child.

Ms. Stephens argues that a transfer was justified under the above provisions because she established that both parties relocated to Pulaski County, and that the best interest of the parties and child was to transfer the case to the county where the physical custodian resides. At any rate, she contends that entry of a directed verdict was erroneous, citing *Curry v. Thornsberry*, 354 Ark. 631, 128 S.W.3d 438 (2003), where the supreme court stated that in determining whether a directed verdict should be granted, the evidence is reviewed in the light most favorable to the nonmoving party and given its highest probative value, taking into account all reasonable inferences deducible from it. Ms. Stephens argues that, considering the evidence in a light favorable to her and the reasonable inferences to be drawn therefrom, she at least presented questions for the trier of fact and that the case should not have been resolved by a directed verdict.

Pursuant to Ark. Code Ann. § 9-10-115(a) (Supp. 2003), the trial court may vacate an order issued under the paternity section of the Code as justice may require. In this case the

trial court committed no error in vacating the prior transfer order because that order was issued without an evidentiary hearing, after Mr. Miller filed a timely objection asserting that he remained a resident of Dallas County. Furthermore, there was evidence presented by Mr. Miller at the hearing that would have authorized the trial court to deny Ms. Stephens' motion to transfer on its merits, given that Mr. Miller offered ample evidence that he never lived in Little Rock and thus never established a residence outside of Dallas County as contemplated by Ark. Code Ann. § 9-10-102(f)(1)(B)(i) (Supp. 2003). However, we agree with Ms. Stephens that this issue was erroneously decided by directing a verdict rather than weighing the competing evidence.

■■ In *Bio-Tech Pharmacal, Inc. v. International Business Connections, LLC*, 86 Ark. App. 220, 184 S.W.3d 447 (2004), we stated:

> A party in a nonjury trial may challenge the sufficiency of the evidence by moving to dismiss the opposing party's claim for relief. *See* Ark. R. Civ. P. 50(a) (2004). When a party moves for a "directed verdict" or dismissal in a bench trial, it is the duty of the trial court to consider whether the plaintiff's evidence, given its strongest probative force, presents a prima facie case. *See Henley's Wholesale Meats v. Walt Bennett Ford*, 4 Ark. App. 362, 631 S.W.2d 316 (1982). It is not proper for the court to weigh the facts at the time the plaintiff completes his case, and the motion should be denied if it is necessary to consider the weight of the testimony before determining whether the motion should be granted. *Id.* On appeal, in determining whether a directed verdict should have been granted, we review the evidence in the light most favorable to the party against whom the verdict was sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 61 S.W.3d 835 (2001) (citing *Lytle v. Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992)).

■ The evidence viewed in the light most favorable to Ms. Stephens was that on two recent occasions before she moved to transfer, Mr. Miller told her to pick up their child at his apartment in Little Rock, and that she did so. Mr. Miller was at the apartment to personally receive service of the transfer motion, and he also received mail at that address. This evidence presented a prima facie case that at the time Ms. Stephens filed her motion to transfer, Mr.

Miller resided in Pulaski County. Given the undisputed fact that Ms. Stephens and the child also resided in Pulaski County, there was evidence from which the trier of fact could have concluded that each party had established residence there and it was in the best interest of the parties that the case be transferred. Therefore, we agree with Ms. Stephens that the trial court erred in directing a verdict in favor of Mr. Miller.

We affirm the trial court's decision to vacate its prior transfer order. However, we reverse and remand because the trial court erroneously directed a verdict against Ms. Stephens upon consideration of the merits of her transfer motion.

Affirmed in part; reversed and remanded in part.

GLOVER and NEAL, JJ., agree.