Earnest D. BRADFORD *v.* Thomas Michael VERKLER

81-51                                                    619 S.W. 2d 636

Supreme Court of Arkansas
Opinion delivered July 13, 1981
[Rehearing denied September 14, 1981.]

*Dodds, Kidd, Ryan & Moore*, by: *Donald S. Ryan*, for appellant.

*Hanshaw & Feland*, for appellee.

Richard B. Adkisson, Chief Justice. Appellee, Cabot police office Thomas Verkler, sued appellant for a leg injury he received when kicked by the appellant; the complaint alleged both negligence and assault and battery as the cause of the injury. Appellant appeals an $8,250.00 jury verdict alleging that the trial court erred in failing to direct a verdict in his favor on the issue of negligence, there being no substantial evidence as a matter of law for the jury's consideration on this theory.

In determining on appeal the correctness of the trial

court's action concerning a motion for a directed verdict by either party, the test is to take that view of the evidence that is most favorable to the party against whom the verdict is sought and to give it its highest probative value, taking into account all reasonable inferences deducible from it, and to grant the motion only if the evidence viewed in that light would be so insubstantial as to require that a jury verdict for the party be set aside. *Miller* v. *Tipson*, 272 Ark. 1 (1981); *O'Brian* v. *Primm*, 243 Ark. 186, 419 S.W. 2d 323 (1967); *St. Louis Southwestern Railway Co.* v. *Farrell, Adm'x.*, 242 Ark. 757, 416 S. W. 2d 334 (1967). Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980).

Although the defendant-appellant, Bradford, was the moving party for a directed verdict on the issue of negligence, we find that he alone supplied the substantial evidence necessary to sustain the trial court's denial of his motion. He testified that, while officers Younts and Verkler attempted to move him to another cell against his wishes, Younts struck him on the arms and head with a slapper; that Verkler tried to push him from the rear while Younts was hitting him and that he (appellant) "might have thrown my hands up and run backwards, but I never made an attempt to hit or kick either one of them"; that he knew Verkler and that Verkler was trying to protect him; that "I pushed back and we [he and Verkler] ran up against the cot"; that the only thing he could figure was that Verkler "got hurt on the cot back behind when I went up against the front of the cell . . . and pushed backward." We find this to be substantial evidence of negligent behavior on appellant Bradford's part and, therefore, affirm the trial court's denial of appellant's motion for a directed verdict.

Affirmed.