Jimmy McKINNEY *v.* Isaac Joe IVEY and Josanna Rene IVEY, His Wife

85-164                                    698 S.W.2d 506

Supreme Court of Arkansas
Opinion delivered November 12, 1985 ·

*Burrow & Harlan,* for appellant.

*Gardner & Steinsiek,* by: *Charles J. Gardner,* for appellees.

GEORGE ROSE SMITH, Justice. The Revised Uniform Adoption Act provides that upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any

person upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties. Ark. Stat. Ann. § 56-216(b) (Supp. 1985). The Commissioners' Note to this subsection of the Uniform Act explains that it is designed to impose a very short statute of limitation. "The policy of stability in a family relationship, particularly when a young minor is involved, outweighs the possible loss to a person whose rights are cut off through fraud and ignorance." 9 ULA 48 (master ed., 1979).

In this case the appellant had no notice of the adoption of his daughter, then aged two, by the appellees until about 18 months after the decree was issued. The appellant then asked to have the decree set aside, but the probate court held that he was barred by the one-year statute. The appeal comes to this court under Rule 29(1)(a) and (c).

We accept as true the allegations in the appellant's petition to set aside the adoption decree, because the matter was heard below on that petition and the appellees' motion to dismiss, without the introduction of any evidence. The petition states that the child was born in 1980. The parents were not married. In May, 1982, the mother filed a petition for support in the probate court, asserting that the appellant was the father of the child. The appellant entered his appearance, acknowledged that he was the father, recognized his duty to support the child, and paid the specified amount as long as it was required. The judgment finding the appellant to be the father and directing him to pay support was entered in July, 1982. At about that time the mother of the child married and left the state. The appellant was unable to locate her or the child.

The petition for adoption was filed in August, 1982, by the appellees, who are the brother and sister-in-law of the child's mother. The mother had signed a consent to the adoption. The adoption decree, entered in September, 1982, found that the mother had consented to the adoption and that the consent of "all persons . . . required by law" to consent had been secured. Neither the appellant nor any other such person was named. The interlocutory decree recited that it was to become final in six months.

The appellant's petition to set aside the adoption decree

alleges that he was given no notice of the pending adoption although the appellees knew that he was the father, knew where the paternity proceeding had been brought, and knew the appellant's whereabouts in the Chickasawba District of Mississippi County, where the adoption proceeding was brought. The appellant asserts that the appellees fraudulently concealed his name from the probate court and made fraudulent statements regarding his status as the father of the child. The appellant learned about the adoption decree in March, 1984, and filed his present petition in February of this year.

█ On the basis of the facts as they have been disclosed to this point, it would be a denial of due process of law for the courts to hold that the adoption decree is absolutely protected from challenge. The landmark case is *Armstrong* v. *Manzo*, 380 U.S. 545 (1965). There the mother of the child remarried and joined in her husband's petition for adoption. It was falsely stated that the child's father had failed to contribute to its support for more than two years. On that allegation no notice of the adoption proceeding was given to the father, although the petitioners knew his whereabouts. The Texas court refused to vacate the adoption, but the Supreme Court reversed, saying:

> It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law. . . . "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . ." Questions frequently arise as to the adequacy of a particular form of notice in a particular case. . . . But as to the basic requirement of notice itself there can be no doubt, where, as here, the result of the judicial proceeding was permanently to deprive a legitimate parent of all that parenthood implies.

██ In a later case the court held that the protection afforded an unwed father under the due process clause is linked to the measure of responsibility he has accepted in rearing the child. It was said that an unwed father who demonstrates a full

commitment to the responsibilities of parenthood acquires substantial protection under the due process clause. *Lehr* v. *Robertson*, 463 U.S. 248 (1983). In the case at bar the appellant acknowledged his parenthood and contributed to the child's support to the extent that he was directed by the court to do so. We do not discount the importance of the considerations that led to the creation of a short period of limitations in the applicable statute, but on the facts of this appeal the statute must give way to the requirements of due process.

Reversed and remanded for further proceedings.

PURTLE, J., not participating.