Julia P. JONES, et al. *v.* Elizabeth ABRAHAM, et al.

CA 96-648                                          946 S.W.2d 711

Court of Appeals of Arkansas
Division IV
Opinion delivered June 4, 1997

*Richard F. Hatfield* and *Don Chaney*, for appellants.

*Robert R. Wright, Todd Turner,* and *Ray Baxter,* for appellees.

TERRY CRABTREE, Judge. Appellants brought suit in chancery court seeking to enforce an alleged oral contract from 1974 between appellants' mother, Sarah Abraham Klerekoper, and their aunt, Frances Abraham. The substance of the alleged oral contract was that appellants' mother gave her share of appellants' grandfather's estate to appellants' aunt, Frances Abraham, with the understanding that Frances would leave her estate to Sarah Abraham Klerekoper's children, the appellants herein.

In a separate proceeding, appellants also challenged the will of their aunt that left equal shares of her estate to all of her nieces and nephews (appellants' cousins and appellees herein), alleging the will was not executed properly, the testator lacked capacity, and was subject to undue influence.

A will that left equal shares to each of her nieces and nephews was probated at Frances's death in 1994 and did not uphold the alleged oral agreement between Sarah and Frances to leave proportionately more of her estate to appellants. After extensive depositions, submissions of documentary evidence, and argument of counsel, the chancellor ruled for the defendants/appellees on their motion for summary judgment in both cases. The chancellor's ruling on the chancery case was based on the following, as abstracted in appellants' brief:

> In order to prevail at trial [on the chancery case], Plaintiffs would have to produce evidence [of an oral contract] that is

clear, cogent and convincing. [*Pickens v. Black*, 318 Ark. 474, 481 (1994).]

There are several flaws in Plaintiffs' case at this point. First, a written statement was signed by Sarah Klerekoper which says that she was transferring her interest in her father's estate to her sister, Frances Abraham, "to pay my debt to you." Plaintiffs argue that Sarah never owed Frances any money (according to her husband's affidavit) and that Frances needed funds to acquire the interest in the John Abraham estate from her brothers. Plaintiffs contend that in return for this transfer from Sarah, Frances promised to leave her property to Sarah's children. However, the written statement signed by Sarah at the time made no mention of an agreement of the type alleged. The agreement stated that the consideration for the transfer was in payment of a debt by Sarah to Frances. Further, there is another writing by Sarah Klerekoper discharging Frances Abraham for all actions, claims and demands that now or may hereafter accrue. Both documents were executed in 1973 and 1974, around the time of the alleged oral agreement. Both are exactly contrary to the assertions of Plaintiffs. These are the only two written documents found relative to what happened at that time between the two sisters.

Secondly, the only two people who know what transpired between them were the two long deceased sisters. What has been stated in depositions and affidavits about the alleged agreement between them is predicated almost entirely on inadmissible hearsay. Even if admissible, the statements of Sarah would not be sufficient, standing alone, to establish by "clear, cogent and convincing" evidence "substantially beyond a reasonable doubt" that such an agreement between the two sisters existed.

What is missing is any reliable proof, not grounded in hearsay, to establish an enforceable contract that is the subject of this equity suit.

The chancellor incorporated by reference his memorandum disposing of the chancery case into his memorandum granting summary judgment on the probate case. In part, his reasoning follows, as abstracted:

No evidence was offered at that hearing nor by way of depositions or affidavits that would suffice even to establish a prima facie case for the invalidity of the Will filed herein. As stated in

the separate Chancery opinion, attached hereto, much of what was presented was predicated upon hearsay. The Plaintiffs' case seems largely to have depended on their ability to establish an enforceable oral contract between these two deceased sisters, which they failed to do in the Chancery case.

For purposes of appeal, the chancery and probate cases were consolidated. From the chancellor's two memorandum opinions, appellants challenge the grant of summary judgment and dispute that affidavits were properly excluded from consideration as hearsay not within an exception.

### 1. Summary Judgment

Summary-judgment disposition is governed by Arkansas Rule of Civil Procedure 56, and a thoroughly developed body of accompanying case law. In pertinent part, Rule 56 reads:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Ark. R. Civ. P. 56(c). Here, the summary-judgment evaluation was aided by a multitude of affidavits and documentary evidence from both sides.

Although affidavits and documents in support of motions for summary judgment are construed against the moving party, once a *prima facie* showing of entitlement to summary judgment is made, the responding party must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *J.M. Prod. v. Arkansas Capital Corp.*, 51 Ark. App. 85, 90, 910 S.W.2d 702, 704 (1995) (citing *Mathews v. Garner*, 25 Ark. App. 27, 751 S.W.2d 359 (1988)).

### A. Chancery Case — Oral Contract to Make a Will

In *McDonald v. Petty*, 254 Ark. 705, 496 S.W.2d 365 (1973), the supreme court stated that an oral contract to make a will to devise or to make a deed to convey real estate is valid when

the testimony and evidence to establish such a contract is clear, cogent, satisfactory, and convincing. Further, the evidence must be so strong as to be substantially beyond reasonable doubt. *Id. See also Pickens v. Black*, 318 Ark. 474, 481, 885 S.W.2d 872, 876 (1994). Post-1981 contracts to make a will are governed by Ark. Code Ann. § 28-24-101 (1987), requiring such contracts to be proven by a writing or express reference. However, the purported agreement in the present case is pre-1981 and, therefore, not controlled by the statute.

However, appellees fail to show where this heightened burden of proof has ever been applied at the summary-judgment level. *Cf. Pickens, supra.* (court affirmed grant of partial summary judgment on a different issue). Even if the facts will require a heightened standard of proof at trial, this does not change the controlling law that trial courts must use when evaluating summary-judgment motions. Requiring "clear, cogent and convincing" evidence at the summary-judgment level amounts to an impermissible weighing of the evidence. Accordingly, it was error for the chancellor to award summary judgment based on the heightened standard of proof required of oral contracts under *Pickens, supra.*

### B. Standard of Review — Probate Case

The proper analysis for considering the summary-judgment disposition of the probate case is also based on Ark. R. Civ. P. 56, discussed above. While appellants' claims against the will may appear weak and not very well developed, that is a weighing of the evidence, which is inappropriate when the chancellor should merely view the pleadings and affidavits to ascertain whether issues exist to be litigated.

The facts in the probate case still leave some gaps that could fairly be characterized as fact questions. For instance, sworn testimony from Frances's physician stated that her mental prowess began to diminish in 1987, the same year that the contested will was executed. While other testimony contradicts this, it is not the role of summary judgment to weigh and resolve conflicting testimony, but to simply decide whether such questions exist to be resolved at trial. Further, while Fairfax Abraham, Jr., did not take

a disproportionate share under the challenged 1987 will, that is only one factor to consider in whether he exercised undue influence by taking Frances to his own attorney, taken together with Fairfax's developing confidential relationship with his ailing aunt. Again, these facts may stack up weakly against the contradicting testimony, but the summary-judgment analysis does not evaluate evidence beyond the question of whether a dispute exists.

■ Further, it was improper for the chancellor to exclude evidence that he suspected was inadmissible hearsay, without ruling on its admissibility in light of the present-intent exception to the hearsay rule. Ark. R. Evid. 803(c).

### 2. Admissible Evidence

■ The Arkansas Supreme Court has recognized that Rule 56(e) requires affiants to support their summary-judgment testimony not with mere conclusions, but with admissible testimony. A line of cases show the court excluding hearsay statements from the summary-judgment analysis since such statements would be inadmissible at trial and violate the rule's own call for "such facts as would be admissible in evidence." Ark. R. Civ. P. 56(e).

> ARCP Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." This court has stated that affidavits which are conclusory rather than factual are insufficient. *See McDonald v. Eubanks*, 292 Ark. 533, 731 S.W.2d 769 (1987). Mrs. Swindle's affidavit merely declares that she was told Wright was the owner of the real estate company by its agents. Her affidavit does nothing more than assert a conclusion that is based on hearsay. Nothing in the affidavit indicates Mrs. Swindle had personal knowledge that Wright was the owner of Wright Realty. Mrs. Swindle's affidavit does not meet the requirements of Rule 56(e), and therefore does not create a dispute as to the fact of ownership of Wright Realty.

*Swindle v. Lumbermans Mut. Casualty Co.*, 315 Ark. 415, 421-22, 869 S.W.2d 681, 684 (1993).

In the present case, the chancellor apparently refused to give any weight to the appellants' affidavits and excluded them as inadmissible under Ark. R. Evid. 803. Appellants cite the hearsay exception involving intent to make a will pursuant to Ark. R. Evid. 803(3), and cite three cases purporting to apply that exception. *Greenwood v. Wilson*, 267 Ark. 68, 588 S.W.2d 701 (1979); *Williams v. Robinson*, 251 Ark. 1002, 476 S.W.2d 1 (1972); and *Easterling v. Weedman*, 54 Ark. App. 22, 922 S.W.2d 755 (1996).

Without an adversarial hearing on the issue, it is impossible to determine if the affidavits in question may be admissible, and may further the appellants' defense against the summary-judgment ruling on the probate case. The chancellor's sweeping summation that "some of the evidence is inadmissible hearsay" is not adequate to support his conclusion.

■ Accordingly, the granting of summary judgment on both claims is reversed and remanded.

Reversed and remanded.

GRIFFEN and ROAF, JJ., agree.