Julia D. JONES, Joseph H. Klerekoper, and Jean W. Mallet *v.*
Fairfax ABRAHAM, Jr., Henry Abraham, Martha Abraham,
Charles Abraham, Sarah D. Karney, Jeanette D. Stucke,
Frances G. Elola, John T. Abraham, Julia D. Shepard,
Ruth A. Seymour, and William T. Abraham

CA 98-1076 999 S.W.2d 698

Court of Appeals of Arkansas
Division III
Opinion delivered September 29, 1999

[Petition for rehearing denied November 3, 1999.]

*Wright, Chaney, Berry, Daniel, Slaughter & Hughes, P.A.*, by: *Edward M. Slaughter*, and *Hatfield & Lassiter*, by: *Richard F. Hatfield*, for appellants/cross-appellees.

*Morgan & Turner*, by: *Todd Turner*, *Robert R. Wright*; and *Ray Baxter*, for appellees/cross-appellants.

JOHN MAUZY PITTMAN, Judge. This case involves an alleged oral contract to make a will between two sisters, both deceased, Sarah Klerekoper and Frances Abraham. This case returns to us after trial on remand from our decision in *Jones v. Abraham*, 58 Ark. App. 17, 946 S.W.2d 711 (1997). Sarah Klerekoper and Frances Abraham were daughters of John Turner Abraham, who died in 1949. Ms. Klerekoper died in 1975 and Ms. Abraham died in 1994. The issue at trial was whether appellants could prove by clear, cogent, satisfactory, and convincing evidence that their mother, Sarah Klerekoper, entered into an oral contract in 1973 or 1974 with her sister, Frances Abraham, whereby Ms. Klerekoper assigned to Ms. Abraham her one-fifth share of their father's estate, which was settled in 1990 by family agreement, in return for Ms. Abraham's promise to prepare a will in which she would leave all her property to appellants. In February 1974, Sarah Klerekoper filed an assignment in probate court in which she assigned to Frances Abraham all of her interest in their father's estate. In November 1987, Frances Abraham executed her will. Therein, she left one-fourth of all her property to appellants and the remainder to appellees, who are appellants' first cousins.

At trial, the Clark County Chancery Court granted appellees' motion to dismiss. Appellants appeal this decision. Appellees, as cross-appellants, appeal the chancery court's denial of their requests for attorney's fees and litigation expenses. We affirm on appeal and cross-appeal.

We handed down our opinion in *Jones v. Abraham, supra*, in June 1997. Insofar as is pertinent to this appeal, we there reversed the chancery court's grant of appellees' motion for summary judgment concerning whether appellants had shown there was a genuine issue of material fact to be decided regarding the alleged oral contract to make a will, and we remanded for trial. This case was tried before the chancery court in December 1997 with appellants as plaintiffs. After they presented their case in chief, appellees' counsel moved to dismiss appellants' case. The chancery court heard argument from counsel on appellees' motion and took the matter under advisement overnight. The next day, the chancellor announced a decision in appellees' favor in which he set forth findings of fact and explained in detail why he was granting appellees' motion to dismiss appellants' case. On January 29, 1998, the chancery court handed down an order granting appellees' motion to dismiss that, in large part, recited the explanation the chancellor had given from the bench when he initially granted appellees' motion to dismiss. It is this order that appellants challenge on appeal.

In its January 29, 1998, order the chancery court denied appellees' request for an award of attorney's fees. Subsequently, appellees moved, pursuant to Ark. R. Civ. P. 68, for an award of litigation expenses on the basis of an offer of judgment that they had filed in October 1997. Appellees also renewed their previous requests for an award of attorney's fees. On March 3, 1998, the chancery court handed down an order denying appellees' Rule 68-based motion for award of expenses and their renewed request for attorney's fees. It is this order that appellees, as cross-appellants, challenge on cross-appeal.

Appellants raise four issues on appeal. Cross-appellants raise five issues on cross-appeal. We will review the appellants' four

allegations of error and then review the cross-appellants' five allegations of error.

First, appellants assert that the chancery court erred in weighing the credibility of witness testimony when it granted appellees' motion to dismiss. Second, appellants allege that the chancery court erred in determining that they had to present clear, cogent, satisfactory, and convincing evidence of the oral contract to make the will at issue to surmount appellees' motion to dismiss. Third, appellants contend that the chancery court erred in determining that they had not presented a prima facie case that Sarah Klerekoper and Frances Abraham had entered into an oral contract whereby Ms. Abraham agreed to prepare a will leaving all of her property to appellants. Fourth, appellants maintain that the chancery court erred in refusing to consider the testimony of certain witnesses that Sarah Klerekoper stated that Frances Abraham had offered to make a will in favor of appellants if Ms. Klerekoper transferred her one-fifth share of the estate of their father, John Turner Abraham, to Ms. Abraham.

 The standards governing our review of a chancery court's decision are well established. Although we try chancery cases *de novo* on the record, we do not reverse unless we determine that the chancery court's findings were clearly erroneous. Ark. R. Civ. P. 52(a); *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999). A chancery court's finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Lammey v. Eckel*, 62 Ark. App. 208, 970 S.W.2d 307 (1998). In reviewing a chancery court's findings, we defer to the chancellor's superior position to determine the credibility of witnesses and the weight to be accorded their testimony. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). However, we do not defer to a chancery court's conclusion on a question of law. If the chancery court erroneously applied the law and the appellant suffered prejudice as a result, we will reverse the chancery court's erroneous ruling on the legal issue. *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996).

■ For their first allegation of error, appellants maintain that the chancery court erred in granting the motion to dismiss that appellees made at the conclusion of appellants' presentation of their case-in-chief. According to appellants, the chancery court erred in granting appellees' motion to dismiss because it weighed the credibility of one of appellants' witnesses and also considered some of appellants' evidence in the light favorable to appellees. Recently, we set forth the standard that a chancery court is to apply when considering a defendant's motion for directed verdict or motion to dismiss the plaintiff's case:

> The supreme court has recently set forth the analytical framework that a chancery court is to follow when evaluating a defendant's motion for directed verdict. A chancery court is to evaluate the motion by deciding whether, if the proceeding were a jury trial, the evidence would be sufficient for the case to go to the jury. *See Swink v. Giffin*, 333 Ark. 400, 970 S.W.2d 207 (1998). In its evaluation of the plaintiff's case, the chancery court is not to assess the credibility of the testimony presented by the plaintiff's witnesses. *Id.* To determine whether the plaintiff has presented a prima facie case, the trial court must view the evidence in the light most favorable to the plaintiff, as the non-moving party, and give the evidence its highest probative value, taking into account all reasonable inferences deducible from the evidence. *Bradford v. Verkler*, 273 Ark. 317, 619 S.W.2d 636 (1981); *Suzuki of Russellville, Inc. v. Mid-Century Ins. Co.*, 14 Ark. App. 304, 688 S.W.2d 305 (1985). If the evidence, viewed in the light most favorable to plaintiff, is insubstantial, the trial court should grant the defendant's motion for directed verdict. *City of Little Rock v. Cameron*, 320 Ark. 444, 897 S.W.2d 562 (1995).

*Bice v. Green*, 64 Ark. App. 203, 209, 981 S.W.2d 105, 108 (1998).

■ We cannot address this allegation of error because appellants failed to make a contemporaneous objection before the chancery court. It is well established that we do not consider allegations of error raised for the first time on appeal. *See Stacks v. Jones*, 323 Ark. 643, 916 S.W.2d 120 (1996); *Moses v. Dautartas*, 53 Ark. App. 242, 922 S.W.2d 345 (1996). The purpose of the contemporaneous-objection rule is to give the trial court a fair opportunity to consider an allegation of error and to correct it, if

the allegation is meritorious. *See Brooks v. State*, 256 Ark. 1059, 511 S.W.2d 654 (1974); *Western Union Tel. Co. v. Freeman*, 121 Ark. 124, 180 S.W. 743 (1915); *Jones v. Seymour*, 95 Ark. 593, 130 S.W. 560 (1910). Appellants' allegation of error is a good example of the sort of objection that, had it been made to the trial court, would have given it the opportunity to check whether it was applying the law correctly. The appellants should have objected when the chancellor's explanation from the bench of why he was granting appellees' motion to dismiss made it clear that the court was using the wrong standard to evaluate the motion. Because they did not do so, they deprived the chancery court of the opportunity to correct an alleged error, and we will not address this alleged error for the first time on appeal.

■ For their second allegation of error, appellants argue that the chancery court erred in determining that the evidence they presented had to be clear, cogent, satisfactory, and convincing in order to surmount appellees' motion to dismiss. In essence, appellants contend that in granting appellees' motion to dismiss, the chancery court erred by failing to consider the appellants' evidence in the light most favorable to them. We are unable to address this allegation of error for the reason set forth in the preceding paragraph — appellants failed to make a contemporaneous objection on this basis before the chancery court.

■ ■ For their third allegation of error, appellants assert that the chancery court erred in determining that they had not presented a prima facie case that Sarah Klerekoper and Frances Abraham had entered into an oral contract whereby Ms. Abraham agreed to prepare a will leaving all her property to appellants. According to appellants, because they presented *prima facie* proof of this oral contract the chancery court erred in granting appellees' motion to dismiss. We cannot reach this allegation of error because, as we noted in our discussion of appellants' first allegation of error, appellants failed to make an contemporaneous objection to the chancery court that it was using the wrong standard to evaluate the appellees' motion. *See Stacks v. Jones, supra.* The chancery court did find that appellants failed to present clear, cogent, satisfactory, and convincing evidence that Sarah Klerekoper and Frances Abraham had entered into the oral contract at issue. We

have reviewed the record and our consideration of the evidence relating to the purported agreement leads us to conclude that the chancellor's finding is supported by the evidence.

For their fourth allegation of error, appellants contend that the chancery court erred in sustaining the appellees' objection, on the basis of double hearsay, to the proffered testimony of some of appellants' witnesses concerning out-of-court statements made by Sarah Klerekoper about out-of-court statements made to her by Frances Abraham stating her intent to bequeath all her property to appellants. The chancery court made this ruling in a pretrial order in response to a motion *in limine* that appellees had filed in November 1997. In this order, the court also ruled that the witnesses could repeat statements made by Frances Abraham concerning her intention to make a will in favor of appellants. Appellants made the following proffer of the testimony that these witnesses would have given, had they been allowed to testify, about out-of-court statements made to them by Sarah Klerekoper concerning out-of-court statements made to her by Frances Abraham:

> At this time, the [appellants] would make a proffer of evidence that the Court has ruled would be excluded as hearsay, concerning what witnesses were prepared to testify to about what Sarah Abraham Klerekoper told to them. Specifically, [these witnesses] would have all testified that Sarah Klerekoper told them that her sister, Frances Abraham, had offered to leave all of Frances' estate, at her death, to Sarah's three children [the appellants], in exchange for Sarah transferring all of her interest in their father's estate, the J.T. Abraham estate, to Frances, for no other consideration, other than the promise for Frances to leave her estate to Sarah's children. . . .

The chancery court's hearsay ruling was correct. Hearsay is a statement made by an out-of-court declarant that is repeated in court by a witness and is offered to prove the truth of the matter asserted in the out-of-court statement. Ark. R. Evid. 801(c); *see Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). Hearsay is inadmissible except as provided by law or by the rules of evidence. Ark. R. Evid. 802; *Easterling v. Weedman*, 54 Ark. App. 22, 922 S.W.2d 735 (1996). Statements by an out-

of-court declarant repeated by another out-of-court declarant, both of which are repeated in court by a witness, are inadmissible unless each part of the combined out-of-court statements conforms with an exception to the rule excluding testimony in the form of hearsay. Ark. R. Evid. 805.

Appellants contend that the chancery court's ruling was erroneous because Sarah Klerekoper's out-of-court statements repeating what Frances Abraham told her concerning Ms. Abraham's intention to bequeath all her property to appellants were admissible pursuant to Ark. R. Evid. 803(3). Rule 803(3) sets forth an exception to the rule against the admissibility of testimony in the form of hearsay. In pertinent part, Rule 803(3) states that in-court repetition of a declarant's out-of-court statement of his or her then existing state of mind, such as intent, plan, motive, or design is not excluded by the hearsay rule. Rule 803(3) has been applied to admit, over a hearsay objection, an out-of-court statement by a testator/declarant concerning his intent to make a particular disposition of his property by will. *See Greenwood v. Wilson*, 267 Ark. 68, 588 S.W.2d 701 (1979); *Easterling v. Weedman, supra*. Appellants assert that Sarah Klerekoper's out-of-court statements repeating statements that Frances Abraham made to her concerning Ms. Abraham's intention to bequeath all her property to appellants are admissible pursuant to *Easterling* as a statement of intent by a testator. Appellants' reliance on *Easterling* is misplaced.

Unlike this case, *Easterling* does not involve hearsay within hearsay. Out-of-court statements made by Sarah Klerekoper would be admissible to show *her* intent to do a particular thing, but Rule 803(3) is limited to statements of the declarant's then existing state of mind and does not include statements by the declarant describing the state of mind of someone else, here Frances Abraham. Appellants fail to cite any other exception to the hearsay rule that would satisfy Rule 805's requirement for hearsay within hearsay and thereby render admissible Sarah Klerekoper's out-of-court statements repeating Frances Abraham's out-of-court statements, for the truth of the matter asserted therein, concerning her intent to bequeath all her property to appellants.

Appellees, as cross-appellants, raise five issues on cross-appeal. First, cross-appellants allege that appellants failed to file the record on appeal in a timely manner and, therefore, this court should dismiss appellants' appeal. Second, they assert that the chancery court erred in denying their request, pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1994), for an award of attorney's fees. Third, they contend that the chancery court should have awarded them attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1994) and Ark. R. Civ. P. 11(a). Fourth, they maintain that the chancery court erred in denying the motion for litigation expenses that they made pursuant to Ark. R. Civ. P. 68. Finally, cross-appellants assert, as an alternative ground for affirmance, that the chancery court could have denied cross-appellees' claim on the basis of the doctrine of accord and satisfaction. None of cross-appellants' issues has merit.

First, cross-appellants assert that cross-appellees, as appellants, failed to file the record on appeal in a timely manner. According to cross-appellants, cross-appellees/appellants failed to file the record on appeal in a timely manner in that they did not obtain an order from the chancery court extending the time to file the record until after expiration of the time to obtain such an order. This allegation of error is meritless.

The chancery court handed down its order dismissing cross-appellees' case on January 29, 1998. Cross-appellees, as appellants, filed a timely notice of appeal on Monday, March 2, 1998, which was the last day upon which they could do so. *See* Ark. R. App. P.—Civ. 4(a); Ark. R. Civ. P. 6(a). Pursuant to Ark. R. App. P.—Civ. 5(a-b), cross-appellees, as appellants, had ninety days from the date of the notice of appeal to file the record on appeal or obtain an order from the chancery court extending the time within which to do so. The chancery court caused to be entered an order extending the time to file the record on appeal on Monday, June 1, 1998. This filing was timely given that the ninetieth day, May 31, 1998, was a Sunday. *See* Ark. R. Civ. P. 6(a). Because cross-appellees, as appellants, obtained an order extending the time to file the record on appeal within ninety days of the date of their notice of appeal, they obtained a timely extension of the time within which to file the record.

For their second allegation of error, cross-appel- lants assert that the chancery court erred in denying their motions for attorney's fees. Pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1994), the prevailing party in an action involving an allega- tion of breach of contract may be allowed a reasonable attorney's fee to be assessed by the trial court. *See Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 876 S.W.2d 603 (1994). A prevailing party in a contract action may recover attorney's fees pursuant to § 16-22-308 even if he or she defended on the basis that there was no contract. *Cumberland Financial Group, Ltd. v. Brown Chemical Co.*, 34 Ark. App. 269, 810 S.W.2d 49 (1991). The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate that the trial court abused its discretion. *Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998). A trial court is not required to award attorney's fees and, because of the trial judge's intimate acquaintance with the trial proceed- ings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees. *See Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). One of many factors that a trial court may consider in deciding whether to award attorney's fees is the result obtained by the pre- vailing party's counsel. *Id.*

In its March 3, 1998, order the chancery court noted that it was denying cross-appellants' motions for attorney's fees, "[f]or the reasons stated from the bench at the conclusion of the trial, the court denies all motions by [cross-appellants] for an award of attorney fees." At the conclusion of trial, the chancellor explained from the bench why he was denying cross-appellants' motion for attorney's fees:

> I believe [appellants] were acting in good faith in trying to enforce what they believed [to be the promise of Frances Abra- ham to Sarah Klerekoper]. I think [appellants'] attorneys did an excellent job, under the constraints of Arkansas law and the Rules of Evidence, and the fact they were trying to prove some- thing that occurred years and years ago with deceased witnesses. For that reason, I'm not going to award any attorney fees or cost to any party in this action.

In their brief, cross-appellants argue, in essence, that they were entitled to an award of attorney's fees because the chancery court granted their motion to dismiss cross-appellees' claim. Cross-appellants' contention that they were entitled to attorney's fees is incorrect. As noted above, the decision to award attorneys' fees is discretionary, not mandatory, with the trial court. *Chrisco v. Sun Industries, Inc., supra.* Moreover, we cannot say that the chancery court abused its discretion to refuse to award cross-appellants attorney's fees where their argument is nothing more than an assertion that they are entitled to attorney's fees because of the manner in which they prevailed, by winning a motion to dismiss, at the chancery court level.

For their third allegation of error, cross-appellants assert that the chancery court erred in refusing to award them attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1994) and pursuant to Ark. R. Civ. P. 11(a). This allegation of error is meritless.

▪ Cross-appellants' contention that the chancery court should have awarded them attorney's fees pursuant to § 16-22-309 is procedurally barred. Cross-appellants never specifically requested that the chancery court award them attorney's fees pursuant to § 16-22-309. A party will not be heard to complain on appeal that the trial court did not grant him a particular kind of relief if he did not request it. *See Fine v. City of Van Buren,* 237 Ark. 29, 371 S.W.2d 132 (1963).

▪ Pursuant to Ark. R. Civ. P. 11(a), a trial court may impose a sanction, including reasonable attorney's fees, on a party or the party's counsel if the party: 1) files a pleading, motion, or other paper that is not well grounded in fact and is warranted by existing law or a good faith argument for the modification of existing law, or 2) files a pleading, motion, or other paper for an improper purpose, such as to harass an opposing party or to cause unnecessary delay or needless expense. However, Rule 11(b) requires that a motion for sanctions pursuant to Rule 11(a) be made separately from other motions or requests and also describes the specific conduct alleged to be violative of Rule 11(a). Cross-appellants never requested that the chancery court impose Rule

11(a) sanctions on cross-appellees or their counsel; therefore, they are procedurally barred from obtaining an award of attorney's fees pursuant to Rule 11(a).

For their fourth allegation of error, cross-appellants contend that the chancery court erred in denying their motion styled, "Offer of Judgment," which they filed in October 1997. Cross-appellants filed this motion pursuant to Ark. R. Civ. P. 68. In pertinent part, cross-appellants' "Offer of Judgment" states:

> The [cross-appellants] offer to withdraw any claim for judgment for their attorneys' fees and costs against the [cross-appellees] in exchange for the [cross-appellees'] dismissal of their lawsuit filed herein.
>
> If this offer is accepted, the [cross-appellees] shall be entitled to receive one-third of one-fourth of the net value of the Estate of Frances Abraham to be calculated at the date of final distribution, as set forth in the Last Will and Testament of Frances Abraham. . . .
>
> If this offer is not accepted by the [cross-appellees] and [they] do not receive an award at trial of an amount in excess of the sum represented by this offer, then the [cross-appellees] shall be liable to the Estate for all costs accrued hereafter and the Estate shall seek judgment for the same as provided by [Ark. R. Civ. P.] 68.

Pursuant to Rule 68, a defendant may serve upon a plaintiff an offer to allow judgment to be taken against the defendant for the money or property specified in the offer and, if the plaintiff declines the offer and eventually recovers a judgment against the defendant less favorable than the defendant's offer to settle, the plaintiff must pay the defendant's reasonable litigation expenses incurred after the date upon which the offer was made. *See Darragh Poultry & Livestock Equipment Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988). The purpose of Rule 68 is to provide a means by which a defendant can compel the plaintiff realistically to reassess his claim and thereby, perhaps, persuade plaintiff to settle. *See id*; Reporter's Note to Rule 68. Offers of judgment made pursuant to Rule 68 are effective only if they are bona fide offers. *Id.*

In its March 3, 1998, order the chancery court denied cross-appellants' motion for costs based on their October 1997

offer of judgment. The chancery court did so because the cross-appellants had offered cross-appellees "one-third of one-fourth of the net value of the Estate of Frances Abraham," which was *less than* the minimum amount that cross-appellees were to inherit. Pursuant to Frances Abraham's 1987 will, cross-appellees, as the children of Sarah Klerekoper, were to inherit one-fourth of Frances Abraham's property. The circuit court's decision was correct. On its face, Rule 68 is not applicable where a defendant makes an offer of settlement that is less than the minimum amount that the plaintiff can recover. The offer of judgment that cross-appellants made to cross-appellees could not compel them to reassess the likelihood of success on the merits of their claim and, because it offered them a settlement for less of Frances Abraham's property than they were legally entitled to, it was not a bona fide offer.

 Finally, cross-appellants urge us to affirm the chancery court's grant of their motion to dismiss on an alternative ground. They maintain that we should affirm the chancery court's grant of their motion to dismiss because cross-appellees' claim was barred by the doctrine of accord and satisfaction. Cross-appellants base this argument on a document styled, "Release of all Claims," which Sarah Klerekoper signed in February 1974. In this release Ms. Klerekoper stated, in essence, that she released Frances Abraham from any claims that she might have arising out of Frances Abraham's handling of this estate of the father, John Turner Abraham. Given that we did not find any of appellants/cross-appellees' allegations of error to be meritorious, we need not consider cross-appellants' contention that there is an alternative ground upon which to affirm the chancery court's dismissal of cross-appellees' claim. If we affirm a judgment on one ground, we need not consider alternative grounds for affirmance. *See, e.g., Barnhart v. City of Fayetteville*, 335 Ark. 57, 977 S.W.2d 225 (1998), *Magness v. Commerce Bank*, 42 Ark. App. 72, 853 S.W.2d 890 (1993).

For the reasons set forth above, we affirm on appeal and we affirm on cross-appeal.

Affirmed on appeal and affirmed on cross-appeal.

HART and STROUD, JJ., agree.