Ruth BRITTON *v.* Kenneth GAULT

CA 02–711                                          94 S.W.3d 926

Court of Appeals of Arkansas
Division III
Opinion delivered January 15, 2003

*Phil Stratton*, for appellant.

*Courtway & Osment, PLC*, by: *Pamela S. Osment*, for appellee.

L ARRY D. VAUGHT, Judge. This is an appeal from the circuit court's order granting appellee's motion to vacate

an adoption based on the finding that appellee's consent to adoption was required. Appellant argues that the trial court's finding was erroneous. We reverse and remand because the trial court applied the wrong statute in making its determination.

In December 1999, appellant Ruth Britton filed a petition for adoption of her maternal granddaughter, Yasmin Symone Rashaun Wofford, who was born June 29, 1994. Appellant's daughter, Jashaunna Cher-Ray Wofford, filed a consent to the adoption the same day. The decree granting the adoption was entered February 22, 2000, providing that the natural father was either unknown or had not been legally declared and his consent could be waived. An amended decree was entered March 7, 2000.

Appellee Kenneth Gault filed a petition for paternity determination, child support, and visitation in the Faulkner County Chancery Court, Fourth Division on May 15, 2001. Appellant filed a motion to intervene, alleging that the child had been adopted and appellee was not entitled to notice of the proceedings. The petition was dismissed without prejudice. Appellee then filed a motion to reopen the adoption and requested that the matter be transferred to the Third Division, where the adoption case took place. On August 1, 2001, appellee filed a petition to set aside the adoption.[1] An amended petition was filed on August

---

[1] Although not raised by the parties, we note that appellant's motion to set aside the adoption was not filed until more than a year after the adoption had been entered. Arkansas Code Annotated section 9-9-216(b) (Repl. 2002) provides in part that "[s]ubject to the disposition of an appeal, upon the expiration of one (1) year after an adoption decree is issued, the decree cannot be questioned by any person . . . in any manner upon any ground, including . . . failure to give any required notice . . . unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period." However, it has been held that although the statute provides a one-year statute of limitations for challenges based on lack of notice, it is a denial of due process to apply the one-year statute of limitations to the natural father of the adopted child if he was not given notice of the adoption proceedings. See Tate v. Bennett, 341 Ark. 829, 20 S.W.3d 370 (2000)(citing Lehr v. Robertson, 463 U.S. 248 (1983)); McKinney v. Ivey, 287 Ark. 300, 698 S.W.2d 506 (1985). But see In re Adoption of SJB, 294 Ark. 598, 745 S.W.2d 606 (1988)(holding that an unmarried father lacking any substantial relationship with his child is not entitled to notice of the adoption proceeding under the Due Process Clause or the Equal Protection Clause).

6, alleging that appellee was not given notice of the adoption proceedings, that appellant and her daughter concealed appellee's name from the probate court, that appellant and her daughter allowed appellee to have visitation with the child and had acknowledged him as the father, and that appellee's right to due process was violated. Appellant responded that she was not required to give appellee notice of the adoption or to obtain his consent because he did not have standing to challenge the adoption and did not meet the criteria for notice under Ark. Code Ann. §§ 9-9-206 and -207 (Repl. 2002). After a paternity test proved that appellee was the father, the court, on March 13, 2002, granted appellee visitation and ordered him to pay child support to appellant.

A hearing on the petition to set aside the adoption was held on April 15, 2002. At trial, the child's natural mother, Ms. Wofford, testified that she first notified appellee that he might be the father of her child in December 1994, but that he denied paternity and made no contributions toward the child in 1994, 1995, 1996, or 1997. She testified that the child was four and a half when appellee began to indicate that he wanted to visit with and support the child, but that he did not visit the child regularly and that he only paid for things when she asked him.

Appellee testified that he first learned he might be the father in the summer of 1996. He said that the first contact he made with the child was at appellant's house in 1998. He had seen the child in the barber shop and saw a resemblance to him that he had not seen before. He knew the rumor was that the child was his. From then on, he stated he has had a relationship with her. During the summer of 1998, he saw her at appellant's house three times a week. This continued until 1999 when no one answered appellant's phone or returned his phone calls. He stated that when the child started school, he would see her during lunch maybe twice a week. In 1998, he asked a lawyer about formalizing his relationship with his daughter and was told to keep a record of his visits and how he was treated.

Appellant testified at the hearing that the child was five or six years old when appellee first contacted her. His mother called

Christmas Day, stating that appellee wanted to spend Christmas with the child. Appellant allowed him to visit the child in her home. She testified that appellee started buying the child gifts in 1997. In 1999 he bought the child a bike, the child went to a family reunion with him, and the child went to a football game with him. Appellee stated that he also snuck clothes into the child's backpack at school. Appellant testified that appellee has not provided any support for the child except what was ordered by the court after the paternity determination.

After taking the case under advisement, the court set aside the adoption because appellant failed to obtain appellee's consent to the adoption, which was required under Ark. Code Ann. § 9-9-207(a)(2). From that decision, comes this appeal.

■ In adoption proceedings, this court reviews the record de novo, but we will not reverse the probate court's decision unless it is clearly erroneous or against the preponderance of evidence, after giving due regard to the court's opportunity to determine the credibility of the witnesses. *In re Adoption of J.L.T.*, 31 Ark. App. 85, 788 S.W.2d 494 (1990); Ark. R. Civ. P. 52(a). However, we do not defer to the trial court's conclusion on a question of law. *Jones v. Abraham*, 67 Ark. App. 304, 999 S.W.2d 698 (1999). If the trial court erroneously applied the law and the appellant suffered prejudice as a result, we will reverse the court's erroneous ruling on a legal issue. *Id.*

Appellant argues that because appellee's consent was not required under Ark. Code Ann. § 9-9-207(a)(2), the trial court erred in setting aside the adoption. This section provides that consent to adoption is not required of a "parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree[.]" However, we cannot reach the court's interpretation of § 9-9-207(a)(2) because we are unable to determine if it is applicable to this case. Section 9-9-207, entitled "Persons as to whom consent not required," must be read in conjunction with § 9-9-206, entitled "Persons required to consent to adoption." Section 9-9-207(a)(2) provides

a basis to waive the consent of a person whose consent would otherwise be required under § 9-9-206.

█ Arkansas Code Annotated § 9-9-206 provides a list of persons required to consent to an adoption. Subsection (a)(2) provides:

> (a) Unless consent is not required under § 9-9-207, a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by:
> (2) The father of the minor if the father was married to the mother at the time the minor was conceived or at any time thereafter, the minor is his child by adoption, he has custody of the minor at the time the petition is filed, or he has otherwise legitimated the minor according to the laws of the place in which the adoption proceeding is brought.

Arkansas Code Annotated § 9-9-207(a)(3) provides that consent to adoption is not required of a father of a minor if the father's consent is not required by section 9-9-206(a)(2). The record in this case does not reflect that the trial court ever examined the requirements of section 9-9-206(a)(2) or made a determination of whether appellee qualified as a father whose consent was required. If appellee's consent was not required, there was no due process right to notice of the adoption proceedings. *In re Adoption of J.L.T.*, 31 Ark. App. 85, 788 S.W.2d 494 (1990) (where father of an illegitimate child who did not meet any of the four requirements of Ark. Code Ann. § 9-9-206(a)(2) was held to have no standing to challenge the adoption decree and no right to notice of the adoption). The present case is factually indistinguishable from *In re Adoption of J.L.T.*, *supra*, and is governed by that case. Although we review probate cases de novo, we believe that the trial court should have the first opportunity to analyze the evidence under the appropriate statutory framework. Therefore, we reverse and remand for the court to determine if appellee's consent was required under section 9-9-206(a)(2).

Reversed and remanded.

CRABTREE and ROAF, JJ., agree.